IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| RENEE NICOLE MELTON, on behalf of herself and others similarly situated, and | ) ) ) ) |
| TAMMY PAULUS, on behalf of herself and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:10-CV-00691 ) JUDGE NIXON |
| VIP HOME NURSING & REHABILITATION SERVICE, LLC, d/b/a CAREALL; CAREALL, INC.; CAREALL, LLC; CAREALL HOME CARE SOLUTIONS, INC.; CAREALL MANAGEMENT, LLC; CAREALL PERSONAL SERVICES, INC.; and J.W. CARELL ENTERPRISES, INC., | ) MAGISTRATE JUDGE GRIFFIN ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## AGREED QUALIFIED PROTECTIVE ORDER

This matter has come before the Court on the parties' Joint Motion for an Agreed Qualified Protective Order pursuant to Fed. R. Civ. P. 26 and the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1301, *et seq.* and its implementing privacy regulations, including 45 C.F.R. § 134.512. The parties are in agreement that a Qualified Protective Order is appropriate under the circumstances as evidenced by the signatures of their respective counsel on the Joint Motion and this Order. The Court has been sufficiently advised and hereby enters this Agreed Qualified Protective Order. It is therefore ORDERED as follows:

1. Certain records produced by Defendants to Plaintiffs contain the names of patients treated by employees of Defendants. Those names constitute Protected Health

Information (PHI) pursuant to HIPAA. Consequently, those records are designated as confidential records. As confidential records, they shall only be viewed by the following:

(a) Defendants;

(b) Counsel for the parties and persons employed by counsel who are actively engaged in assisting counsel in this action;

(c) The Court and persons employed by the Court who are actively engaged in assisting the Court in this action; and

(d) A third party copying service hired to copy the records at issue, provided that an authorized representative of the copying service signs the Agreement to be bound by this Order, attached hereto as Exhibit A.

2. In the course of producing documents in this litigation, the parties have also produced documents and data that contain social security numbers. Those documents and data are also designated as confidential records. They may only be viewed by individuals listed in Paragraph 1, except that either named Plaintiff or an individual putative Plaintiff and/or class member may view his or her own records. Any such individual's records that also contain PHI are subject to Paragraph 1 above. Moreover, such documents and data may also be provided to a third party provider of settlement and/or notice administration services, provided that an authorized representative of the third party provider signs the Agreement to be bound by this Order, attached hereto as Exhibit A.

3. Documents designated as confidential by this Order shall be used solely for the prosecution or defense of this action, and shall be copied only as necessary for these purposes. If it becomes necessary to file confidential documents with the Court, they shall be filed under seal. Either party may remove the confidential status of confidential documents by permanently

redacting the PHI and the social security numbers from the documents. Nothing herein prohibits counsel for the parties from using (as opposed to disclosing) the social security numbers of putative or actual class members for the purpose of contacting or interviewing such class members as potential witnesses, providing notice to such class members in conjunction with conditional certification proceedings, or for such other purposes as may be permitted by the Court.

4. If counsel for Plaintiffs learns that any person not authorized to view confidential documents has done so or that any person has utilized confidential documents for any purpose other than the use described in Paragraph 3 above, counsel for Plaintiffs shall promptly notify counsel for Defendants and cooperate as reasonably necessary in addressing and rectifying the misuse.

5. The parties may move or petition the Court to alter, amend or modify this order for good cause.

6. All confidential documents produced in this litigation, including all copies made, shall be returned to the undersigned counsel for Defendant or destroyed at the termination of this litigation (with certification by counsel for Plaintiff of the destruction), unless otherwise ordered by the Court.

It is so ORDERED.

This the 2nd day of March, 2012.

_____
Juliet Griffin, United States Magistrate Judge

**Agreed and Approved for Entry:**

**DICKINSON WRIGHT PLLC**

By:   s/M. Reid Estes, Jr. (w/permission)
         M. Reid Estes, Jr., #009043

424 Church Street
Suite 1401
Nashville, TN 37219-2392
615-244-6538 – telephone
615-256-8386 – facsimile
mrestes@dickinson-wright.com

*Counsel for Plaintiffs*

**GULLETT, SANFORD, ROBINSON & MARTIN**

By:   s/Trevor W. Howell (w/permission)
       Trevor W. Howell, #009496

The Pinnacle at Symphony Place
150 Third Ave., South
17th Floor
Nashville, TN 37201
615-244-4994 – telephone
615-256-6339 – facsimile
thowell@gsm.com

*Counsel for Plaintiffs*

**NEAL & HARWELL, PLC**

By:    s/Kendra E. Samson
       William T. Ramsey, #009245
       Kendra E. Samson, #018976

150 Fourth Avenue North, Suite 2000
Nashville, TN 37219
615-244-1713 – telephone
615-726-0573 – facsimile
ramseywt@nealharwell.com
ksamson@nealharwell.com

*Counsel for Defendants*

### AGREEMENT TO BE BOUND BY AGREED QUALIFIED PROTECTIVE ORDER

The undersigned, on behalf of himself or herself or as the authorized representative of the entity named below, hereby states that he or she has received a copy of the Agreed Qualified Protective Order entered in the matter of <u>Renee Nicole Melton, *et al.* v. VIP Home Nursing & Rehabilitation Service, LLC, *et al.*</u>, Case No. 3:10-CV-00691 in the United States District Court for the Middle District of Tennessee. The undersigned agrees that he or she individually or the entity named below will be bound by the Agreed Qualified Protective Order regarding all confidential documents in the above-referenced action. The undersigned further agrees that he or she will not retain any copies of confidential documents in the above-referenced action.

_____        _____
Print Name                            Date

_____
Sign Name


_____        _____
Entity                                Date

By: _____

_____
Title

**Exhibit A**